## BARCLAY v. HUGHES.

May 30, 1835.

*Rule to show cause why a new trial should not be granted.*

Where a defendant before arbitrators does not give documents in evidence then in his possession, and the plaintiff not knowing of their existence does not call for them, the defendant is, nevertheless, entitled to give them in evidence on the trial.

To exclude them on the trial, it is necessary they should have been *voluntarily withheld* from the arbitrators, which can only be where a call has been made on the party to produce them.

THIS cause was tried before STROUD, J.   A verdict was found for the defendant with a certificate that the plaintiff was indebted to the defendant in the sum of 779 dollars and 11 cents.   On the trial, the defendant, who had appealed from an award of arbitrators, offered in evidence certain documents.   They were objected to by the plaintiff's counsel, who proved *that they were in the possession of the defendant at the time of the arbitration,* but admitted *that the production of them had not been called for, the plaintiff not knowing of their existence until after the award was made.*

The judge received them in evidence, and reserved the point, which came up on the plaintiff's motion for a new trial.

*Ingraham,* for plaintiff.
*Dallas,* for defendant.

Authorities cited : Act of 20th of March 1810, sect. 10, 11 ; Brisbane *v.* Mitchell, 8 *Serg. & Rawle* 423 ; Estanson *v.* Dupuy, 2 *Browne's Rep.* 100.

The opinion of the Court was delivered by

PETTIT, *President.*—The plaintiff's counsel contends that the case is controlled by a proviso in the eleventh section of the arbitration act.

[*Barclay v. Hughes.*]

The clause is but a part of a course of proceeding marked out by legislative foresight, for the government of arbitrators and the courts, under the act of 1810; and the whole system must be kept distinctly in view, when giving a construction to a particular proviso.

The tenth section empowers the arbitrators to judge of the competency and credibility of witnesses offered to them; and of "the propriety of admitting in evidence any written documents that may be produced; and to call on either party to produce any books, papers or documents that they shall deem material to the cause."

The eleventh section then authorizes an appeal, and, *inter alia,* provides that the appellant shall not be permitted to produce as evidence in court, any books or documents which he or they shall have *withheld* from the arbitrators.

The two sections, taken together, plainly exhibit the legislative intention. When the arbitrators have called on a party for any books, papers or documents within his power, he *either* produces them, or at his peril *withholds* them. A consequence of such withholding them, and a very important one it may perhaps become, is, that should he think it proper to appeal to court, no matter how indispensable to his case they may on the trial turn out to be, he shall not be permitted to produce them in evidence.

In the case before us the party was not called on to produce the documents before the arbitrators, and upon the grounds just stated, he is not within the proviso in question.

It is contended, however, that no such call could have been made, inasmuch as the plaintiff had no knowledge of the existence of the documents. The answer is that the legislature have not adapted the proviso to such a case. They have deprived a party of the right to produce certain testimony only upon his having failed to comply with a previous specific requisition; and the judicial tribunals have no power to extend the restriction upon the exercise of the party's legal privileges beyond the designated case. Besides, the reason for enlarging the prohibition, is by no means as strong as that for imposing it in the first place. The refusal to produce, on demand duly made, is regarded as an instance of contumacy requiring the infliction of such a penalty; while the mere non production, of the papers, in the absence of a call for them, may be often accounted for on grounds involving no imputation of unfairness.

The case of Estanson *v.* Dupuy, 2 *Browne's Rep.* 100, and that of Brisbane *v.* Mitchell, 8 *Serg. & Rawle* 423, referred to by the

[Barclay v. Hughes.]

plaintiff's counsel, so far from being in conflict with these views, are deemed to be in entire harmony with them. The first was a case in this court. The papers were not in the possession of the party at the time of the arbitration; and *actual possession* of the evidence at that time was held to be necessary to bring the party within this proviso. This was the only point brought into the notice of the court. The inquiry, whether a call by the arbitrators had been made or not, does not appear to have been suggested, and was not necessary to the decision. In the other case, which was in the supreme court, the paper had been called for, and being mislaid could not be found till after the award was made. It was ruled, " that to bring the case within the act, the paper must have been in the power of the appellant, when called for before the arbitrators, and *voluntarily withheld* by him." As there was actually a call for the document, the precise point now before us was not expressly determined. But that the *withholding* must be *voluntary* is unequivocally asserted; and, looking to the scope and bearing of the act at large, that can be predicated only of the case where the call had been really made. In each instance the court went beyond the letter of the particular section, in order to reach the spirit of the whole law.

Rule discharged.

